IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD C. CURRAN, | : | No.  4:CV 04-2526 |
| | : | |
| Plaintiff | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| MILLERSTOWN BOROUGH, et. al. | : | |
| | : | |
| Defendants | : | |

**ORDER**

**January 10, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Defendant's, Millerstown Borough, ("Defendant" or "the Borough") Motion for Summary Judgment ("the Motion") (doc. 18) filed on October 3, 2005.  On October 25, 2005, we entered an Order (doc. 22) granting the Plaintiff leave until December 4, 2005 to file a brief in opposition to Defendant's Motion.  To date, no such brief has been filed by the Plaintiff.

**FACTUAL AND PROCEDURAL BACKGROUND**:

On March 3, 2003, Defendant hired Plaintiff, Richard C. Curran ("Plaintiff" or "Curran") as a police officer to work for thirty-five (35) hours per week.  On May 28, 2003, Curran was promoted to Chief of Police.  After his promotion,

Curran presented a police budget for a proposed amount of $41,000 to the Millerstown Borough Officials.  On December 15, 2003, at a Millerstown Borough Council meeting, the Council and Mayor decided to reduce the police budget to $25,000.  To stay within this budget, Curran's hours were reduced to twenty-five (25) hours per week. This lower budget amount was necessary to keep the Borough solvent.

On June 16, 2004, the Borough incurred a bill for $31,650 for repairs to its waste water treatment plant.  These repairs were unanticipated and only $3,500 had been included in the Borough's budget for maintenance and repairs.

At subsequent council meeting, held on July 25, 2004, council members requested Curran to account for the hours he was working.  Curran stated that he was conducting an investigation about possible improper expenditures of federal grant monies by Borough Officials.  Thereafter, Councilman Rob Sweger made a motion to reduce Curran's hours to zero and have him available on an as-needed basis.  This motion was unanimously passed.

The Defendant alleges that the Mayor stated that Curran would have been laid off at that time, even if he had not made the statement that he was investigating Borough officials.  Defendant alleges that he was laid off for reasons of economy. The Borough did call Curran back to work on August 30, 2004 to serve papers, and the payroll sheets reflect that he worked a total of eight (8) hours at that time.

To date, the Borough was required to borrow $32,500 for more repairs to its sewer treatment plant and has been unable to afford paying for police services up to the present time.

Plaintiff filed a complaint (doc. 1) with this Court on November 19, 2004 alleging violations of 42 U.S.C. §1983, the Pennsylvania Whistleblower Law and the Plaintiff's property and due process rights secured by the Fourteenth Amendment to the United States Constitution.

On August 26, 2005, Plaintiff's counsel filed a Motion to Withdraw as Counsel (doc. 13) which we granted by Order (doc. 24) on November 14, 2005.[1] Presently, Plaintiff is proceeding pro se. Defendant filed the instant Motion (doc. 20) with a brief in support of the Motion (doc. 19) on October 3, 2005.  To date, Plaintiff has not filed a brief in opposition to the Motion.

**DISCUSSION**:

Pursuant to Local Rule 7.6, any party opposing any motion who fails to file a responding brief shall be deemed not to oppose the motion.  As previously noted, Plaintiff has failed to respond with a brief in opposition to the Defendant's Motion. Moreover, in our Order (doc. 22) of October 25, 2005, Plaintiff was given a date

---

[1] Within Counsel's Motion (doc. 13), it is noted that Plaintiff is presently incarcerated on criminal homicide charges.  We also note that the record docket indicates that all Orders of this Court were mailed to Plaintiff at his place of incarceration by the Clerk of Court.  There is no indication that the said mail was returned or that Plaintiff failed to receive the Court's orders.

certain to respond by and did not respond by that date.  Therefore, we are bound by Local Rule 7.6 to deem this Motion as unopposed and will grant the Motion. We note that due to the unopposed nature of the Motion, we are not required to delve into a merits analysis of the Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

    1.    Defendant's Motion (doc. 18) is GRANTED.

    2.    The Clerk shall close the file on this case.

                                     s/ John E. Jones III
                                       John E. Jones III
                                       United States District Judge